R. L. McDONALD & COMPANY, Respondents, v. MEEK & ATTERBURY, Appellants.

Kansas City Court of Appeals, March 26, 1894.

1. **Attachment**: RECEIVER: TRUST FUND. The proceeds of attached property in the receiver's hands constitute a trust fund for the benefit of the creditors of attachment defendant.

2. **Partnership**: APPLICATION OF FUNDS TO PAYMENT OF DEBTS. Partners have a right *inter sese* to have the partnership property first applied to partnership debts; but a partner has no right to have the individual property of his copartner first applied to the partnership debts.

3. ———: MORTGAGE ON INDIVIDUAL PROPERTY: POSSESSION: PAYMENT. Though a mortgagee under a mortgage of the individual property of one member of a firm, made to secure a firm debt, take possession and sell, yet the court refused to hold that such possession had the effect to satisfy the mortgage debt.

*Appeal from the DeKalb Circuit Court.*—HON. CHAS. H. S. GOODMAN, Judge.

AFFIRMED.

*S. G. Loring* for appellants.

(1) As to the said McDonald indebtedness, at the time he took possession, Low was both the trustee in the deed of trust and the owner of said indebtedness, trustee and *cestui que trust*, and that indebtedness was the first preferred claim in said deed, and the first to be paid out of the money arising from the sale of said goods and when he took possession of said stock of goods under said deed of trust he took both as trustee and *cestui que trust;* as to that indebtedness he stood as a mortgagee in possession, and as the debt was over

due he was, as far as said indebtedness was concerned, the absolute owner of said goods. Jones on Chattel Mortgages [2 Ed.], sec. 699; *Jackson v. Cunningham*, 28 Mo. App. 354; *Burnett v. Timberlake*, 57 Mo. 499; *Sheble v. Curdt*, 56 Mo. 437. (2) If the mortgagee takes possession of the mortgaged property after default and retains it or sells it without foreclosing the mortgage by a suit at law, the mortgage debt is regarded satisfied. *Freeman v. Freeman*, 17 N. J. Eq. 44; *Stoddard v. Denison*, 38 How. Pr. N. Y. 296; *Jackson v. Cunningham, supra; Olcutt v. Railroad*, 40 Barb. N. Y. 179; *Tannahill v. Tuttle*, 3 Mich. 104; *Robinson v. Campbell*, 8 Mo. 366, 615; *Lacy v. Gibony*, 36 Mo. 320; *King v. Bailey*, 8 Mo. 240; *Clark v. Robinson*, 15 R. Q. Rep. 231; *Landon v. Emmons*, 97 Mass. 37; 8 Am. and Eng. Encyclopedia of Law, bottom page 279; Jones on Chattel Mortgages [2 Ed.], sec. 711; R. S. 1889, sec. 8691; *Hazzard v. Robinson*, 15 R. Q. Rep. 226. All the evidence shows that said judgment has been fully paid off, and the court should have so found on the hearing of said motion.

*J. F. Harwood* for respondents.

(1) Even if Atterbury had paid this judgment out of his private property, Meek could get no advantage by that reason, for Atterbury would then step into the place of McDonald *et al.*, as against his copartner, Meek. (2) Meek does not pretend that he has paid this judgment, or that it has been paid out of firm assets; but what he does say is, that his copartner, Atterbury, has paid the judgment out of his own private property, which Atterbury says is not true, and the court below has so found.

SMITH, P. J.—The plaintiffs, wholesale merchants, brought suit by attachment against the defendants,

retail merchants, on an open account for about $900, and under the writ a stock of merchandise belonging to defendants was seized.     The court appointed a receiver *pendente lite,* who took into his possession said merchandise and disposed of the same realizing therefrom some $4,000, which is still in his hands subject to the orders of the court.

The plaintiffs, at the time of the commencement of the suit just referred to, also commenced another suit by attachment against the defendant, Atterbury, in the state of Kansas, and levied the writ upon a stock of merchandise which was his individual property. Atterbury, no doubt for the purpose of releasing his individual stock of merchandise from the levy of the attachment, executed a note payable to plaintiffs for the amount of their debt, and also a note to Eugene S. Low for the DeKalb County Bank for $2,300 and to secure these with other notes he executed and delivered to said Low a deed of trust conveying to him his said stock of merchandise with power to sell the same and, out of the proceeds, pay said notes in the order named.     It appears that Low called the attention of the plaintiffs to the transaction just mentioned and that they declined to accept said note or to release the Kansas attachment.     Thereupon Low, in his individual capacity, purchased plaintiff's debt, taking from them an assignment which authorized him to prosecute the Missouri attachment suit in their name.     The Kansas attachment was soon thereafter dismissed and the stock of merchandise was taken possession of by Low and brought into this state.     On October 19, 1888, Low, in the name of plaintiffs, recovered judgment against defendants in the Missouri attachment suit and afterwards, on the same day, he assigned said judgment, for a valuable consideration, to the DeKalb County Bank.

At the time of the several transactions to which we have referred, Low was cashier of the said DeKalb County Bank and so continued until July, 1889. It seems that when Low retired from the said bank as cashier, he still had in his possession the Kansas stock of merchandise. It further appears that later on he disposed of said merchandise, but as to what disposition he made of the proceeds arising therefrom, is not shown. The undisputed evidence was that Low had not paid said judgment. The bank held the judgment and as neither Low, the trustee, nor the receiver would discharge the same, it filed its motion for an order on the receiver to pay it. Meek, one of the defendant firm, objected to the making of this order on the receiver by the court, on the ground that the said judgment had in effect been paid. The trial court found that it had not been so paid, and this finding we think was correct.

It affirmatively appears that Low did not dispose of the trust merchandise while he was cashier of the bank. It is not pretended that he had in his custody, as such trustee, during the time he was also cashier of the bank, any of the trust funds which he could have applied to the satisfaction of the judgment. Nor was it shown that after he abdicated his cashiership that he had paid the judgment. Even if Low has funds in his hands as trustee, which he might apply in discharge of the judgment, still this is no reason why the receiver should not be ordered to discharge the judgment out of the partnership funds in his hands. The proceeds of the attached property in the receiver's hands constituted a trust fund for the benefit of the partnership creditors of Meek & Atterbury, of whom the bank, as assignee of said judgment, had become one. Pomeroy's Equity, section 1046.

The books on equity jurisprudence with one accord declare that partners have a right *inter sese* to have the partnership property first applied to the partnership debts, but we know of no principle which confers upon a partner the right to have the individual property of his copartner first applied to the partnership debts.

If the attitude occupied by Low under the deed of trust to him, after he had become the owner of the debt of the plaintiffs, was that of mortgagee in possession as to that debt, still he was such a mortgagee in possession with power of sale. And as he subsequently sold the property under the power vested in him by the deed of trust, we are unwilling to decide that such possession had the effect to satisfy the mortgage debt for which the judgment was rendered. Nor have we been able to find any authority which would justify us in doing so. None of the cases cited by the defendant, Meek, go that far in a case where the facts are like they are here.

In *Stoddard v. Dennison*, 38 Howard, Pr. (N. Y.) 296, it is stated, that when the mortgagee takes possession of the mortgaged property it will, until the equity of redemption is foreclosed, be deemed satisfaction of the debt if it be of sufficient value. It is further said in the same case, that actual foreclosure may be by judicial proceedings or by sale under the power contained in the mortgage. In the case at bar, as we have already stated, there was a sale of the property under the power contained in the deed of trust, so that according to this rule there was no satisfaction of the debt.

In any view which we have been able to take of the case, the judgment of the circuit court was proper, and, accordingly, we will affirm it. All concur.